Matter of Jaylin S. (Jasmine E.T.) (2020 NY Slip Op 05606)





Matter of Jaylin S. (Jasmine E.T.)


2020 NY Slip Op 05606


Decided on October 08, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 08, 2020

Before: Kapnick, J.P., Oing, Scarpulla, Shulman, JJ. 


Docket No. NN49512/16 Appeal No. 11960-11960A Case No. 2019-03207 

[*1]In re Jaylin S. a Child Under the Age of 18 Years, etc., Jasmine E.T., Respondent-Appellant. Shannon R., Respondent, Administration for Children's Services, Petitioner-Respondent.


Larry S. Bachner, New York, for appellant.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about March 19, 2019, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about January 22, 2019, which found that respondent mother neglected the subject child, unanimously reversed, on the law and the facts, without costs, the fact-finding determination vacated and the petition dismissed. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
The finding of neglect was not supported by a preponderance of the evidence. "Unsworn out-of-court statements of the victim may be received and, if properly corroborated, will support a finding of abuse or neglect" (Matter of Peter G., 6 AD3d 201, 203 [1st Dept 2004] [internal quotation marks omitted], citing Family Ct Act § 1046 [a] [vi]). Here, the child's out-of-court statement made during his videotaped interview with an investigator from the the Child Advocacy Center, that respondent bit him on the right shoulder during a January 2017 incident, was not sufficiently corroborated (see Matter of Selena R. [Joseph L.], 81 AD3d 449, 450 [1st Dept 2011], lv denied 16 NY3d 714 [2011] ["the testimony offered in support of the claim that respondent inflicted excessive corporal punishment on the children failed to establish by a preponderance of the evidence the necessary elements of the charge"]; see also Nicholson v Scoppetta, 3 NY3d 357 [2004]). Although medical findings confirmed that the child sustained injuries that were consistent with a bite mark, those findings in no way connected those marks to respondent. Further, there is no dispute that the child told respondent that he was going to make false allegations against her to the Administration for Children's Services while the fact-finding hearing was pending, rendering his overall credibility quite impaired. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 8, 2020